1  Scott S. Thomas, Bar No. 031418
   sst@paynefears.com
2  PAYNE & FEARS LLP
   2375 East Camelback Road, 6th Floor
3  Phoenix, Arizona 85016
   Telephone:  602-344-9549
4  Facsimile:  602-344-9653

5  Attorneys for Plaintiff Pulte Home
   Company, LLC

6

7              **UNITED STATES DISTRICT COURT**

8              **DISTRICT OF ARIZONA, PHOENIX DIVISION**

9  PULTE HOME COMPANY, LLC, a            Case No.
   Michigan limited liability corporation, on
10 behalf of itself and as successor by        **PLAINTIFF'S COMPLAINT FOR:**
   conversion of Pulte Home Corporation, a
11 Michigan corporation                        **(1) DECLARATORY RELIEF;**

12              Plaintiff,                       **(2) BREACH OF CONTRACT; AND**

13       v.                                      **(3) BREACH OF THE DUTY OF
                                                GOOD FAITH AND FAIR DEALING.**
14 MIDWEST FAMILY MUTUAL
   INSURANCE COMPANY, an Iowa                   **JURY DEMAND**
15 corporation; UNITED SPECIALTY
   INSURANCE COMPANY, a Delaware
16 corporation; KNIGHT SPECIALTY
   INSURANCE COMPANY, a Delaware
17 corporation; THE CINCINNATI
   INDEMNITY COMPANY, a Delaware
18 corporation; LIBERTY MUTUAL FIRE
   INSURANCE COMPANY, a Wisconsin
19 corporation; WAUSAU
   UNDERWRITERS INSURANCE
20 COMPANY, a Wisconsin corporation;
   STARR SURPLUS LINES INSURANCE
21 COMPANY, an Illinois corporation;
   ENDURANCE AMERICAN
22 INSURANCE COMPANY, a Delaware
   corporation; PENNSYLVANIA
23 LUMBERMENS MUTUAL
   INSURANCE COMPANY, a
24 Pennsylvania corporation; FIRST
   MERCURY INSURANCE COMPANY,
25 an Illinois corporation; CLARENDON
   NATIONAL INSURANCE COMPANY,
26 as successor in interest by way of merger
   with Sussex Insurance Company fka as
27 Companion Property and Casualty
   Insurance Company, a Texas corporation;
28 FIRST SPECIALTY INSURANCE

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

CORPORATION, a Missouri corporation;
PELEUS INSURANCE COMPANY, a
Virginia corporation; UNITED FIRE &
CASUALTY COMPANY, an Iowa
corporation; WESCO INSURANCE
COMPANY, a Delaware corporation;
TRAVELERS PROPERTY CASUALTY
CO. OF AMERICA, a Connecticut
corporation; THE TRAVELERS
INDEMNITY COMPANY OF
AMERICA, a Connecticut corporation;
COLORADO CASUALTY INSURANCE
COMPANY, a New Hampshire
corporation; NATIONAL FIRE
INSURANCE COMPANY OF
HARTFORD, an Illinois corporation;
BITCO NATIONAL INSURANCE
COMPANY, an Illinois corporation;
JAMES RIVER INSURANCE
COMPANY, an Ohio corporation; NGM
INSURANCE COMPANY, a Florida
corporation; VALLEY FORGE
INSURANCE COMPANY, a
Pennsylvania corporation; ALLIED
WORLD ASSURANCE COMPANY
(US) INC., a Delaware corporation;
TWIN CITY FIRE INSURANCE
COMPANY, an Indiana corporation;
SAFETY NATIONAL CASUALTY
CORPORATION, a Missouri corporation;
and QBE INSURANCE
CORPORATION, a Pennsylvania
corporation.

    Defendants.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

   Plaintiff Pulte Home Company, LLC ("Plaintiff" or "Pulte"), on behalf of itself and

as successor by conversion of Pulte Home Corporation, hereby alleges as follows:

## **PARTIES**

   1.  At all times mentioned herein, Pulte Home Company was and is a Michigan

limited liability corporation with its principal place of business in Atlanta, Georgia.  Pulte

Home Company, LLC is the successor by conversion of Pulte Home Corporation, a

Michigan corporation.

   2.  Plaintiff is informed and believes, and on that basis alleges, that Midwest

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

Family Mutual Insurance Company ("Midwest Family") is an Iowa corporation with its principal place of business in Iowa.

3.     Plaintiff is informed and believes, and on that basis alleges, that United Specialty Insurance Company ("United Specialty") is a Delaware corporation with its principal place of business in Texas.

4.     Plaintiff is informed and believes, and on that basis alleges, that Knight Specialty Insurance Company ("KSIC") is a Delaware corporation with its principal place of business in California.  United Specialty and KSIC are collectively referred to as "USIC."

5.     Plaintiff is informed and believes, and on that basis alleges, that The Cincinnati Specialty Underwriter Insurance Company ("Cincinnati") is a Delaware corporation with its principal place of business in Ohio.

6.     Plaintiff is informed and believes, and on that basis alleges, that Liberty Mutual Fire Insurance Company ("Liberty Mutual") is a Wisconsin corporation with its principal place of business in Massachusetts.

7.     Plaintiff is informed and believes, and on that basis alleges, that Wausau Underwriters Insurance Company ("Wausau") is a Wisconsin corporation with its principal place of business in Massachusetts.

8.     Plaintiff is informed and believes, and on that basis alleges, that Starr Surplus Lines Insurance Company ("Starr") is an Illinois corporation with its principal place of business in New York.

9.     Plaintiff is informed and believes, and on that basis alleges, that Endurance American Insurance Company ("Endurance") is a Delaware corporation with its principal place of business in New York.

10.     Plaintiff is informed and believes, and on that basis alleges, that Pennsylvania Lumbermens Mutual Insurance Company ("Pennsylvania") is a Pennsylvania corporation with its principal place of business in Pennsylvania.

11.     Plaintiff is informed and believes, and on that basis alleges, that First

Mercury Insurance Company ("FMIC") is an Illinois corporation with its principal place of business in New Jersey.

12.    Plaintiff is informed and believes, and on that basis alleges, that James River Insurance Company ("James River") is an Ohio corporation with its principal place of business in Virginia.

13.    Plaintiff is informed and believes, and on that basis alleges, that Defendant Clarendon National Insurance Company, as successor in interest by way of merger with Sussex Insurance Company fka as Companion Property and Casualty Insurance Company ("Clarendon") at all times mentioned herein was and is a Texas corporation with its principal place of business in New York.

14.    Plaintiff is informed and believes, and on that basis alleges, that First Specialty Insurance Corporation ("FSIC") is a Missouri corporation with its principal place of business in Missouri.

15.    Plaintiff is informed and believes, and on that basis alleges, that Peleus Insurance Company ("Peleus") is a Virginia corporation with its principal place of business in Virginia.

16.    Plaintiff is informed and believes, and on that basis alleges, that United Fire & Casualty Company ("United Fire") is an Iowa corporation with its principal place of business in Iowa.

17.    Plaintiff is informed and believes, and on that basis, alleges that Wesco Insurance Company ("Wesco") is a Delaware corporation with its principal place of business in New York.

18.    Plaintiff is informed and believes, and on that basis, alleges that Defendants Travelers Property Casualty Co. of America and The Travelers Indemnity Company of America (collectively "Travelers") are Connecticut corporations with their principal place of business in Connecticut.

19.    Plaintiff is informed and believes, and on that basis, alleges that Colorado Casualty Insurance Company ("Colorado Casualty") is a New Hampshire corporation with

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

its principal place of business in Massachusetts.

20.    Plaintiff is informed and believes, and on that basis alleges, that National Fire Insurance Company of Hartford ("National Fire") is an Illinois corporation with its principal place of business in Illinois.

21.    Plaintiff is informed and believes, and on that basis alleges, that BITCO National Insurance Company ("BITCO") is an Illinois corporation with its principal place of business in Iowa.

22.    Plaintiff is informed and believes, and on that basis alleges, that NGM Insurance Company ("NGM") is a Florida corporation with its principal place of business in Florida.

23.    Plaintiff is informed and believes, and on that basis alleges, that Valley Forge Insurance Company ("Valley Forge") is a Pennsylvania corporation with its principal place of business in Illinois.

24.    Plaintiff is informed and believes, and on that basis alleges, that Allied World Assurance Company (US) Inc. ("Allied") is a Delaware corporation with its principal place of business in New York.

25.    Plaintiff is informed and believes, and on that basis alleges, that Twin City Fire Insurance Company ("Twin City") is an Indiana corporation with its principal place of business in Connecticut.

26.    Plaintiff is informed and believes, and on that basis alleges, that Safety National Casualty Corporation ("Safety National") is a Missouri corporation with its principal place of business in Missouri.

27.    Plaintiff is informed and believes, and on that basis alleges, that QBE Insurance Corporation ("QBE") is a Pennsylvania corporation with its principal place of business in Wisconsin.

## JURISDICTION AND VENUE

28.    This Court has original jurisdiction over this action founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, because the matters in controversy exceed

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

$75,000.00, exclusive of interest and costs, and because complete diversity exists between Plaintiff and Defendant.

29.     Venue is proper in this Court in accordance with 28 U.S.C. § 1391 because this Court has personal jurisdiction over the Defendants as described in paragraph 33.

## GENERAL ALLEGATIONS

30.     Plaintiff is a developer that participated in the development of two residential communities: The Red Rock Village in Red Rock, Arizona ("Red Rock"), and the Sierra Morado development in Tucson, Arizona ("Sierra Morado") (collectively "Developments").

31.     Plaintiff performed no work at the Developments; instead, Plaintiff's trade partners performed all of the work.

32.     Certain Homeowners in each of the Developments asserted multiple construction defect claims against Plaintiff (the "Underlying Claims").

33.     Plaintiff tendered each of the Underlying Claims to Defendants under one or more commercial general liability insurance policies issued to one or more of Plaintiff's trade partners who performed work for Plaintiff on the Developments.

**The Trade Partners**

34.     American Woodmark Corp., dba Timberlake Cabinetry ("Timberlake") contracted with Pulte to, among other things, perform cabinetry work at one or more of the Developments.

35.     Brewer Enterprises ("Brewer") contracted with Pulte to, among other things, perform plumbing work at one or more of the Developments.

36.     Cascade Electric, Inc. ("Cascade Electric") contracted with Pulte to, among other things, perform electrical work at one or more of the Developments.

37.     Chas Roberts Air Conditioning, Inc. ("Chas Roberts") contracted with Pulte to, among other things, perform heating, ventilation, and air-conditioning ("HVAC") work and install HVAC systems at one or more of the Developments.

38.     Construction Specialties & Maintenance LLC ("CSM") contracted with Pulte

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

to, among other things, perform painting work at one or more of the Developments.

39.    Door Sales and Installation, aka Ericson Framing Operations, LLC, ("DSI") contracted with Pulte to, among other things, perform carpentry work at one or more of the Developments.

40.    Haskins Electric, LLC ("Haskins Electric") contracted with Pulte to, among other things, perform electrical work at one or more of the Developments.

41.    Johnson Manley Lumber Company ("Johnson Manley") contracted with Pulte to, among other things, perform framing labor at one or more of the Developments.

42.    Kaiser Garage Doors & Gates, Inc. ("Kaiser Garage")contracted with Pulte to, among other things, install garage door systems at one or more of the Developments.

43.    Third Bench Holdings, LLC, as successor in interest to LL Industries, dba Davis Kitchens, ("Davis Kitchens") contracted with Pulte to, among other things, install countertops at one or more of the Developments.

44.    Metric Roofing ("Metric") contracted with Pulte to, among other things, perform roofing labor and install roofing systems at one or more of the Developments.

45.    Paramount Windows ("Paramount") contracted with Pulte to, among other things, install window systems at one or more of the Developments.

46.    Petersen Dean, Inc. ("Petersen Dean") contracted with Pulte to, among other things, perform roofing labor and install roofing systems at one or more of the Developments.

47.    Roadrunner Drywall Corp. ("Roadrunner") contracted with Pulte to, among other things, perform lathe/stucco work at one or more of the Developments.

48.    Santa Rita Landscaping ("Santa Rita") contracted with Pulte to, among other things, perform grading and landscaping work at one or more of the Developments.

49.    Southwest Concrete contracted with Pulte to, among other things, perform foundation and flatwork labor at one or more of the Developments.

50.    Stockett Tile & Granite Company ("Stockett") contracted with Pulte to, among other things, install countertops at one or more of the Developments.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

51.    Tucson Plumbing contracted with Pulte to, among other things, install plumbing at one or more of the Developments.

52.    Valley Wide Plastering Construction, Inc. ("Valley Wide") contracted with Pulte to, among other things, perform plumbing work at one or more of the Developments.

53.    Window Products, Inc., dba Cascade Windows ("Cascade Windows") contracted with Pulte to, among other things, install window systems at one or more of the Developments.

54.    XO Windows, LLC ("XO Windows") contracted with Pulte to, among other things, install window systems at one or more of the Developments.

55.    Timberlake, Brewer, Cascade Electric, Chas Roberts, CSM, DSI, Haskins Electric, Johnson Manley, Kaiser Garage, Davis Kitchens, Metric, Paramount, Petersen Dean, Roadrunner, Santa Rita, Southwest, Stockett, Tucson Plumbing, Valley Wide, Cascade Windows, and XO Windows are collectively referred to as the "Contractors."

**The Contracts**

56.    The Contractors entered into certain written contracts with Pulte (collectively, the "Contracts") relating to, among other things, their work at the Developments.

57.    Pursuant to the Contracts, the Contractors promised to carry and continue to carry certain insurance coverages continuously during the life of the Contract, including but not limited to commercial general liability insurance naming Plaintiff as an "additional insured".

58.    The Contracts require the Contractors to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

/ / /

**The Midwest Family Policies**

59.    Midwest Family issued the following commercial general liability policies to Brewer Enterprises ("the Midwest Family Policies"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Brewer | ACAZ0560102873 | 09/24/15-09/24/21 | Abercrombie Affeld Anderson |

60.    The Midwest Family Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Brewer's work or operations.

61.    The coverage afforded under the Midwest Family Policies requires Defendant Midwest Family to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Brewer's work or operations.

**The USIC Policies**

62.    USIC issued the following commercial general liability policies to Cascade Electric, DSI, Haskins Electric, Johnson Manley, Metric, Paramount, Petersen Dean, Roadrunner, Santa Rita, Southwest Concrete, Tucson Plumbing, Valley Wide, and XO Windows ("the USIC Policies"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Cascade Electric | KSVENA 160057600<br>BVO1614079<br>ATN-ATL1720337<br>ATN-ATL1831210<br>ATN-ATL1944477<br>ATN-ATL2056230<br>ATL2168010 | 05/03/16-08/04/16<br>08/04/16-05/03/17<br>05/03/17-05/03/18<br>05/03/18-05/03/19<br>05/03/19-05/03/20<br>05/03/20-05/03/21<br>05/03/21-05/03/22 | Albin Burton |
| DSI | BTO 1517927<br>BTO 1628990<br>ATNSF 1731197<br>ATNSF 1843327 | 09/16/15-10/31/16<br>10/31/16-10/31/17<br>10/31/17-10/31/18<br>10/31/18-10/31/20 | Anderson Burton |
| Haskins Electric | BTO 1316191<br>BTO 1426956 | 07/01/13-07/01/14<br>07/01/14-07/01/15 | Abercrombie Affeld Albin |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| | KSVENS151128002<br>BTO 1648383<br>ATN-SF1750764 | 07/01/15-07/01/16<br>07/01/16-07/01/17<br>07/01/17-07/01/18 | Anderson<br>Burton |
| Johnson Manley | BTO1436824<br>KSVENS151117104<br>KSVENS161163305 | 05/01/14-05/01/15<br>05/01/15-05/01/16<br>05/01/16-05/01/17 | Abercrombie<br>Affeld<br>Albin<br>Anderson<br>Burton |
| Metric | BVO 1432778<br>BVO 1543411<br>BVO 1653638<br>ATNATL 1760349<br>ATNATL 1871215<br>ATNATL 1984446<br>ATNATL 1984446<br>00102622-0 | 05/01/14-05/01/15<br>05/01/15-05/01/16<br>05/01/16-05/01/17<br>05/01/17-05/01/18<br>05/01/18-05/01/19<br>05/01/19-05/01/20<br>05/01/20-05/01/21<br>05/01/21-05/01/22 | Abercrombie<br>Affeld<br>Albin<br>Anderson<br>Burton |
| Paramount | BVO 1472560 | 01/01/14-01/01/15 | Affeld<br>Albin<br>Anderson |
| Petersen Dean | BTO1316098<br>BTO1426809<br>BTO1537673 | 04/30/13-04/30/14<br>04/30/14-04/30/15<br>04/30/15-04/30/16 | Albin |
| Roadrunner | BVO 1412654<br>BVO 1523328<br>BVO 1633607<br>ATN-ATL 1740176<br>ATN-ATL 1851033<br>ATN-ATL 1964037<br>ATN 2075942<br>ATN 2187616 | 02/26/14-02/26/15<br>02/26/15-02/26/16<br>02/26/16-02/26/17<br>02/26/17-02/26/18<br>02/26/18-02/26/19<br>02/26/19-02/26/20<br>02/26/20-02/26/21<br>02/26/21-02/26/22 | Abercrombie<br>Affeld<br>Albin<br>Anderson<br>Burton |
| Santa Rita | ATN 2016122<br>ATN 2127830 | 04/01/20-04/01/21<br>04/01/21-04/01/22 | Burton |
| Southwest Concrete | KSVENA 160048400<br>ATN-ATL 1720208<br>ATN-ATL 1831097<br>ATN-ATL 1944062<br>ATN 2056046<br>ATN 2167759<br>ATN 2271581 | 03/23/16-03/23/17<br>03/23/17-03/23/18<br>03/23/18-03/23/19<br>03/23/19-03/23/20<br>03/23/20-03/23/21<br>03/23/21-03/23/22<br>03/23/22-03/23/23 | Abercrombie<br>Affeld<br>Albin<br>Anderson<br>Burton |
| Tucson Plumbing | BVO 1513191<br>BVO 1623564<br>ATN-ATL 1730028 | 01/01/15-01/01/16<br>01/01/16-01/01/17<br>01/01/17-01/01/18 | Abercrombie<br>Affeld<br>Albin |

PAYNE & FEARS LLP

ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| | ATN-ATL 1840874<br>ATN-ATL 1951769<br>ATN 2065555 | 01/01/18-01/01/19<br>01/01/19-01/01/20<br>01/01/20-01/01/21 | Anderson<br>Burton |
| Valley Wide | KSVENS 151116700<br>ATN-SF 1730547<br>ATN-SF 1841803<br>ATN-SF 1954406<br>ATN 2066270 | 05/01/15-05/01/17<br>05/01/17-05/01/18<br>05/01/18-05/01/19<br>05/01/19-05/01/20<br>05/01/20-05/01/22 | Abercrombie<br>Affeld<br>Albin<br>Anderson<br>Burton |
| XO Windows | TWG 42000820<br>BVO 1533210<br>BVO 1643568<br>ATN-ATL 1750053<br>ATN-ATL 860909<br>ATN-ATL 1961771<br>ATN 2075576<br>ATN 2187350 | 03/25/11-03/25/12<br>02/01/15-02/01/16<br>02/01/16-02/01/17<br>02/01/17-02/01/18<br>02/01/18-02/01/19<br>02/01/19-02/01/20<br>02/01/20-02/01/21<br>02/01/21-02/01/22 | Abercrombie<br>Affeld<br>Albin<br>Anderson<br>Burton |

63.     The USIC Policies were endorsed to cover Pulte an "additional insured" with respect to liability arising out of Cascade Electric's, DSI's, Haskins Electric's, Johnson Manley's, Metric's, Paramount's, Petersen Dean's, Roadrunner's, Santa Rita's, Southwest Concrete's, Tucson Plumbing's, Valley Wide's, and XO Windows's respective work or operations.

64.     The coverage afforded under the USIC Policies requires Defendant USIC to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Cascade Electric's, DSI's, Haskins Electric's, Johnson Manley's, Metric's, Paramount's, Petersen Dean's, Roadrunner's, Santa Rita's, Southwest Concrete's, Tucson Plumbing's, Valley Wide's, and XO Windows's work or operations.

**The Cincinnati Policy**

65.     Cincinnati issued the following commercial general liability policy to Chas Roberts ("the Cincinnati Policy"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---------------|---------------|---------------|---------------------|
| Chas Roberts | CSU 0165654 | 04/01/21-04/01/22 | Abercrombie Burton |

66.     The Cincinnati Policy was endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Chas Roberts' work or operations.

67.     The coverage afforded under the Cincinnati Policy requires Defendant Cincinnati to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Chas Roberts' work or operations.

**The Liberty Mutual Policies**

68.     Liberty Mutual issued the following commercial general liability policies to Chas Roberts and Cascade Windows ("the Liberty Mutual Policies"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---------------|---------------|---------------|---------------------|
| Chas Roberts | TBJZ91451614023<br>TB2Z91451614024<br>TB2Z91451614025<br>TB2Z91451614026<br>TB2Z91451614027<br>TB2Z91451614028<br>TB2Z91451614029<br>TB2Z91451614020 | 04/01/13-04/01/14<br>04/01/14-04/01/15<br>04/01/15-04/01/16<br>04/01/16-04/01/17<br>04/01/17-04/01/18<br>04/01/18-04/01/19<br>04/01/19-04/01/20<br>04/01/20-04/01/21 | Abercrombie<br>Affeld<br>Albin<br>Anderson<br>Burton |
| Cascade Windows | TB6Z91461736036<br>TB6Z91461736037<br>TB2Z91461736128<br>TB2Z91461736129 | 11/16/16-11/16/17<br>11/17/17-06/30/18<br>06/30/18-06/30/19<br>06/30/19-06/30/20 | Abercrombie<br>Affeld<br>Albin<br>Anderson<br>Burton |

69.     The Liberty Mutual Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Chas Roberts' and Cascade Windows' work or operations.

70.     The coverage afforded under the Liberty Mutual Policies requires Defendant Liberty Mutual to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

injury arising out of Chas Roberts' and Cascade Windows' work or operations.

**The Wausau Policy**

71.    Wausau issued the following commercial general liability policy to Chas Roberts ("the Wausau Policy"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Chas Roberts | CBF100000188100 | 10/02/17-10/02/19 | Abercrombie Affeld |

72.    The Wausau Policy was endorsed to cover Pulte an "additional insured" with respect to liability arising out of Chas Roberts' work or operations.

73.    The coverage afforded under the Wausau Policy requires Defendant Wausau to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Chas Roberts' work or operations.

**The Starr Policy**

74.    Starr issued the following commercial general liability policy to CSM ("the Starr Policy"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| CSM | SLPLGGL0290100 | 10/02/14-10/02/15 | Abercrombie Affeld Albin Anderson Burton |

75.    The Starr Policy was endorsed to cover Pulte as an "additional insured" with respect to liability arising out of CSM's work or operations.

76.    The coverage afforded under the Starr Policy requires Defendant Starr to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of CSM's work or operations.

/ / /

**The Endurance Policies**

77.    Endurance issued the following commercial general liability policies to CSM ("the Endurance Policies"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| CSM | CBF 10000188100<br>CBF 10000188101 | 10/02/17-10/02/18<br>10/02/18-10/02/19 | Albin<br>Abercrombie<br>Affeld<br>Anderson<br>Burton |

78.    The Endurance Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of CSM's work or operations.

79.    The coverage afforded under the Endurance Policies requires Defendant Endurance to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of CSM's work or operations.

**The Pennsylvania Policies**

80.    Pennsylvania issued the following commercial general liability policies to Davis Kitchens ("the Pennsylvania Policies"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Davis Kitchens | 02-L003-01-19<br>02-L003-01-20 | 03/16/19-03/16/20<br>03/16/20-03/16/21 | Abercrombie<br>Anderson<br>Burton |

81.    The Pennsylvania Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Davis Kitchens' work or operations.

82.    The coverage afforded under the Pennsylvania Policies requires Defendant Pennsylvania to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Davis Kitchens' work or operations.

/ / /

**The FMIC Policies**

83.    FMIC issued commercial general liability policies to DSI, Roadrunner, and Valley Wide ("the FMIC Policies"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| DSI | NJ-CGL-0000035456-01<br>WA-CGL-0000048895-01 | 10/31/13-10/31/14<br>10/31/14-10/31/15 | Burton |
| Roadrunner | MACGL000000642401<br>MACGL000000642402 | 02/26/12-02/26/13<br>02/26/13-02/26/14 | Abercrombie<br>Affeld<br>Albin<br>Anderson |
| Valley Wide | FMMA 004482<br>MACGL000001037201 | 05/01/11-05/01/12<br>05/01/12-05/01/13 | Abercrombie<br>Affeld |

84.    The FMIC Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of DSI's, Roadrunner's, and Valley Wide's work or operations.

85.    The coverage afforded under the FMIC Policies requires Defendant FMIC to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of DSI's, Roadrunner's, and Valley Wide's work or operations.

**The Companion Policies**

86.    Companion issued the following commercial general liability policies to Johnson Manley, Metric, and Paramount ("the Companion Policies"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Johnson Manley | VJB 1115600 | 05/01/12-05/01/14 | Abercrombie<br>Albin<br>Anderson |
| Metric | VGL 1111640<br>VGL 1322178 | 05/01/12-05/01/13<br>05/01/13-05/01/14 | Abercrombie<br>Affeld<br>Albin<br>Anderson<br>Burton |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Paramount | VGL 1041239<br>VGL 1151659<br>VGL 1362200 | 05/20/11-05/20/12<br>05/20/12-05/20/13<br>05/20/13-05/20/14 | Abercrombie<br>Affeld<br>Albin<br>Anderson<br>Burton |

87.    The Companion Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Johnson Manley's, Metric's, and Paramount's work or operations.

88.    The coverage afforded under the Companion Policies requires Defendant Companion to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Johnson Manley's, Metric's, and Paramount's work or operations.

**The FSIC Policies**

89.    FSIC issued the following commercial general liability policies to Johnson Manley and Valley Wide ("the FSIC Policies"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Johnson Manley | IRG 57027-5<br>IRG 57027-6<br>IRG 57027-8 | 07/01/10-07/01/11<br>07/01/11-07/01/12<br>07/01/13-07/01/14 | Abercrombie<br>Albin<br>Anderson<br>Burton |
| Valley Wide | IRG 200119700 | 05/01/13-05/01/15 | Abercrombie<br>Affeld<br>Albin<br>Anderson<br>Burton |

90.    The FSIC Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Johnson Manley's and Valley Wide's work or operations.

91.    The coverage afforded under the FSIC Policies requires Defendant FSIC to defend and indemnify Pulte against all claims that allege (duty to defend) and result in

PAYNE & FEARS LLP<br>ATTORNEYS AT LAW<br>2375 EAST CAMELBACK ROAD, 6TH FLOOR<br>PHOENIX, ARIZONA 85016<br>(602) 344-9549

(duty to indemnify) liability for covered property damage or bodily injury arising out of Johnson Manley's and Valley Wide's work or operations.

**The United Fire Policy**

92.     United Fire issued the following commercial general liability policy to Kaiser Garage ("the United Fire Policy"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Kaiser Garage | 60424468 | 01/01/13-01/01/15 | Abercrombie |

93.     The United Fire Policy was endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Kaiser Garage's work or operations.

94.     The coverage afforded under the United Fire Policy requires Defendant United Fire to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Kaiser Garage's work or operations.

**The Wesco Policies**

95.     Wesco issued the following commercial general liability policies to Kaiser Garage ("the Wesco Policies"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Kaiser Garage | WPP1427351 00<br>WPP1427351 01<br>WPP1427351 02 | 01/01/16-01/01/17<br>01/01/17-01/01/18<br>01/01/18-01/01/19 | Abercrombie<br>Burton |

96.     The Wesco Policies were endorsed to cover Pulte an "additional insured" with respect to liability arising out of Kaiser Garage's work or operations.

97.     The coverage afforded under the Wesco Policies requires Defendant Wesco to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Kaiser Garage's work or operations.

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

**The Travelers Policies**

98.    Travelers issued commercial general liability policies to Kaiser Garage ("the Travelers Policies"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Kaiser Garage | Y-630-4E939854-TIL-14<br>Y-630-4E939854-TIL-15<br>810-3P998711-20-14-G | 05/01/14-01/01/15<br>01/01/15-01/01/16<br>01/01/20-01/01/21 | Abercrombie<br>Burton |

99.    The Travelers Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Kaiser Garage's work or operations.

100.    The coverage afforded under the Travelers Policies requires Defendant Travelers to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Kaiser Garage's work or operations.

**The Colorado Casualty Policies**

101.    Colorado Casualty issued the following commercial general liability policy to Paramount ("the Colorado Casualty Policy"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Paramount | CPB8908304 | 02/06/12-01/01/14 | Abercrombie<br>Affeld<br>Albin |

102.    The Colorado Casualty Policy was endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Paramount's work or operations.

103.    The coverage afforded under the Colorado Casualty Policy requires Defendant Colorado Casualty to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Paramount's work or operations.

**The National Fire Policy**

104.    National Fire issued the following commercial general liability policy to

Santa Rita ("the National Fire Policy"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Santa Rita | 5091515036 | 03/01/13-03/01/15 | Abercrombie Affeld |

105.   The National Fire Policy was endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Santa Rita's work or operations.

106.   The coverage afforded under the National Fire Policy requires Defendant National Fire to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Santa Rita's work or operations.

**The BITCO Policies**

107.   BITCO issued the following commercial general liability policies to Santa Rita ("the BITCO Policies"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Santa Rita | CLP3616945<br>CLP3634099<br>CLP3646770B<br>CLP3650987 | 03/01/15-03/01/16<br>03/01/16-03/01/17<br>03/01/17-03/01/18<br>03/01/18-03/01/19 | Abercrombie<br>Affeld<br>Anderson<br>Burton |

108.   The BITCO Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Santa Rita's work or operations.

109.   The coverage afforded under the BITCO Policies requires Defendant BITCO to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Santa Rita's work or operations.

**The James River Policies**

110.   James River issued the following commercial general liability policies to DSI and Santa Rita ("the James River Policies"):

PAYNE & FEARS LLP<br>ATTORNEYS AT LAW<br>2375 EAST CAMELBACK ROAD, 6TH FLOOR<br>PHOENIX, ARIZONA 85016<br>(602) 344-9549

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| DSI | 968560<br>968561 | 10/31/20-10/31/21<br>10/31/21-10/31/22 | Burton |
| Santa Rita | 632452242 | 03/01/19-03/01/20 | Abercrombie |

111.    The James River Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of DSI's and Santa Rita's work or operations.

112.    The coverage afforded under the James River Policies requires Defendant James River to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of DSI's and Santa Rita's work or operations.

**The NGM Policies**

113.    NGM issued the following commercial general liability policies to Southwest Concrete, Stockett, and Tucson Plumbing ("the NGM Policies"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Southwest Concrete | MPG4974B<br>MPG4974B-11<br>MPG4974B-12<br>MPG4974B-13<br>MPG4974B<br>MPG4974B | 03/26/10-03/26/11<br>03/23/11-03/23/12<br>03/23/12-03/23/13<br>03/23/13-03/23/14<br>03/23/14-03/23/15<br>03/203/15-03/23/16 | Abercrombie<br>Affeld<br>Albin<br>Anderson<br>Burton |
| Stockett | MPG 8067C<br>MPI 5035Z | 04/01/11-04/01/12<br>04/01/11-04/01/16 | Anderson<br>Burton |
| Tucson Plumbing | MPG 3221C-12<br>MPG 3221C-13<br>MPG 3221C | 01/01/12-01/01/13<br>01/01/13-01/01/14<br>01/01/14-01/01/15 | Abercrombie<br>Affeld<br>Albin<br>Anderson<br>Burton |

114.    The NGM Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Southwest Concrete's, Stockett's, and Tucson Plumbing's work or operations.

115.    The coverage afforded under the NGM Policies requires Defendant NGM to defend and indemnify Pulte against all claims that allege (duty to defend) and result in

PAYNE & FEARS LLP

ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

(duty to indemnify) liability for covered property damage or bodily injury arising out of Southwest Concrete's, Stockett's, and Tucson Plumbing's work or operations.

**The Valley Forge Policy**

116.    Valley Forge issued the following commercial general liability policy to Stockett ("the Valley Forge Policy"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Stockett | 6024467189 | 04/01/16-04/01/18 | Abercrombie Anderson Burton |

117.    The Valley Forge Policy was endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Stockett's work or operations.

118.    The coverage afforded under the Valley Forge Policy requires Defendant Valley Forge to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Stockett's work or operations.

**The Allied Policy**

119.    Allied issued commercial general liability policy to Timberlake ("the Allied Policy"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Timberlake | 3100209 | 03/01/16-03/01/17 | Anderson Burton |

120.    The Allied Policy was endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Timberlake's work or operations.

121.    The coverage afforded under the Allied Policy requires Defendant Allied to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Timberlake's work or operations.

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

**The Twin City Policy**

122. Twin City issued commercial general liability policy to Timberlake ("the Twin City Policy"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Timberlake | 14 ECS S56202 | 03/01/17-03/01/20 | Anderson Burton |

123. The Twin City Policy was endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Timberlake's work or operations.

124. The coverage afforded under the Twin City Policy requires Defendant Twin City to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Timberlake's work or operations.

**The Safety National Policy**

125. Safety National issued the following commercial general liability policy to Timberlake ("the Safety National Policy"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Timberlake | GL 4062742 | 03/01/20-03/01/21 | Abercrombie Anderson Burton |

126. The Safety National Policy was endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Timberlake's work or operations.

127. The coverage afforded under the Safety National Policy requires Defendant Safety National to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Timberlake's work or operations.

**The QBE Policy**

128. QBE issued the following commercial general liability policy to Timberlake ("the QBE Policy"):

| Named Insured | Policy Number | Policy Period | Underlying Claim(s) |
|---|---|---|---|
| Timberlake | CGA3971209 | 03/01/14-03/01/16 | Anderson Burton |

129. The QBE Policy was endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Timberlake's work or operations.

130. The coverage afforded under the QBE Policy requires Defendant QBE to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Timberlake's work or operations.

**THE UNDERLYING CLAIMS**

131. Between 2020 and 2022, certain homeowners in the Developments asserted a number of claims alleging, among other things, that Pulte was responsible for a variety of construction defects and property damage in certain homes in the Developments. The Underlying Claims, are as follows:

**The Abercrombie Claim**

132. On or about November 30, 2021, certain homeowners in Red Rock filed a construction defect arbitration demand entitled *Abercrombie, et al. v. Pulte Home Corporation*, American Arbitration Association ("AAA") Case No. 01-21-0017-6813 (the "*Abercrombie* Claim"), against Pulte alleging, among other things, that homes in Red Rock contained defective and negligent construction, that those defects caused damages for which Pulte is liable.

133. The *Abercrombie* Claim sought damages from Pulte because of property damage arising out of the work of various contractors, including Brewer, Cascade Windows, Chas Roberts, CSM, Davis Kitchens, Haskins Electric, Johnson Manley, Kaiser Garage, Metric, Paramount, Roadrunner, Santa Rita, Southwest Concrete, Stockett, Timberlake, Tucson Plumbing, Valley Wide, and XO Windows.

134. The damages sought in the *Abercrombie* Claim were the type of damages for which the contractors were contractually obligated to provide additional insured coverage

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

to Pulte.  Therefore, Pulte is entitled to coverage under one or more policies issued by Amerisure, BITCO, Cincinnati, Colorado Casualty, Companion, Endurance, FMIC, FSIC, James River, Liberty Mutual, Midwest Family, National Fire, NGM, Peleus, Pennsylvania, Safety National, Starr, Travelers, United Fire, USIC, Valley Forge, Wausau, and Wesco. Specifically, those alleged damages were damages because of property damage, the damages were caused by an occurrence (i.e., the contractors' negligent work), and the damages occurred during the policy periods.

135.    As a result of the *Abercrombie* Claim, Pulte has incurred and will continue to incur significant costs, including, but not limited to, forensic, investigative, and repair costs, attorneys' fees and other expenses.

136.    Pulte tendered its defense and indemnity of the *Abercrombie* Claim to each of the Defendants under the insurance policies listed herein.

137.    USIC agreed to participate in Pulte's defense under the policies it issued to Southwest Concrete and Tucson Plumbing.  Peleus agreed to participate in in Pulte's defense under the policies it issued to Tucson Plumbing.  USIC and Peleus are referred to herein as the "*Abercrombie* Participating Insurers" as to Pulte's claims arising out of these policies only.

138.    Pursuant to the insurance policies issued by the Defendants to their respective named-insured contractors and Pulte's additional insured status, as specified herein, the Defendants owe a duty to pay all of the defense fees and costs that Pulte incurred and will continue to incur in defending against the *Abercrombie* Claim.

139.    Pursuant to the insurance policies issued by the Defendants to their respective named-insured contractors and Pulte's additional insured status, as specified herein, the Defendants have a duty to indemnify Pulte for any liability Pulte incurs as a result of the *Abercrombie* Claim for property damage that arises out of and/or that is caused in whole or in part by the Defendants' respective named insured contractors' work.

140.    The Defendants breached their duties by refusing to defend Pulte, or in the case of the *Abercrombie* Participating Insurers, failing to fully defend Pulte.  On

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

information and belief, Defendants misrepresented policy provisions and/or material facts related to coverage, failed to make prompt payment of Pulte's demands for reimbursement of its defense costs, and/or otherwise failed to respond to Pulte's tender of its defense of the *Abercrombie* Claim.  As a result of Defendants' conduct, Pulte has been forced to expend significant resources defending itself against the *Abercrombie* Claim.  As of the date of the filing of this Complaint, Pulte has incurred more than $132,512.05 in attorneys' fees and costs defending against the *Abercrombie* Claim, and will continue to incur significant expenses defending against the *Abercrombie* Claim, which is ongoing.  To date, Pulte has only been reimbursed for $55,952.38 of its incurred attorneys' fees and costs, leaving a balance to date of $76,559.68.

141.    Upon information and belief, the Defendants failed to investigate or timely respond to Pulte's tender of defense and indemnity, if they responded at all.

142.    Upon information and belief, the Defendants failed to consider the allegations in the pleadings, facts provided by Pulte, or facts easily discernable.

143.    Pleading further and in the alternative, in addition to these specific allegations based on insurance policy endorsements directly adding Pulte as an additional insured to each policy issued by the Defendants and listed herein, each policy listed herein above contained a provision or provisions the effect of which is to allow Pulte to stand in the shoes of the Defendants' named-insured contractors for purposes of coverage.

144.    The above is not an exclusive list of the Defendants' potential liability to Pulte as other theories of potential coverage and recovery may be apparent based on the specific policies and/or specific actions of each Defendant.

**The Affeld Claim**

145.    On or about April 15, 2020, certain homeowners in Red Rock Village filed a construction defect arbitration demand entitled *Affeld, et al., v. Pulte Home Corporation* (the "*Affeld* Claim"), against Pulte alleging, among other things, that certain homes in Red Rock contained defective construction, that those defects caused damages for which Pulte is liable.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

146.   The *Affeld* Claim sought damages from Pulte because of property damage arising out of the work of various contractors, including Brewer, Cascade Windows, Chas Roberts, CSM, Haskins Electric, Johnson Manley, Metric, Paramount, Roadrunner, Santa Rita, Southwest Concrete, Tucson Plumbing, Valley Wide, and XO Windows.

147.   The damages sought in the *Affeld* Claim were the type of damages for which the contractors were contractually obligated to provide additional insured coverage to Pulte.  Therefore, Pulte is entitled to coverage under one or more policies issued by BITCO, Colorado Casualty, Companion, Endurance, FMIC, FSIC, Liberty Mutual, Midwest Family, National Fire, NGM, Peleus, Starr, USIC, and Wausau.  Specifically, those alleged damages were damages because of property damage, the damages were caused by an occurrence (i.e., the contractors' negligent work), and the damages occurred during the policy periods.

148.   As a result of the *Affeld* Claim, Pulte has incurred and will continue to incur significant costs, including, but not limited to, forensic, investigative, and repair costs, attorneys' fees and other expenses.

149.   Pulte tendered its defense and indemnity of the *Affeld* Claim to each of the Defendants under the insurance policies listed herein.

150.   USIC agreed to participate in Pulte's defense under the policies it issued to Roadrunner and Valley Wide.  Peleus agreed to participate in Pulte's defense under the policies it issued to Johnson Manley.  USIC and Peleus referred to herein as the "*Affeld* Participating Insurers" as to Pulte's claims arising out of these policies only.

151.   Pursuant to the insurance policies issued by the Defendants to their respective named-insured contractors and Pulte's additional insured status, as specified herein, the Defendants owe a duty to pay all of the defense fees and costs that Pulte incurred and will continue to incur in defending against the *Affeld* Claim.

152.   Pursuant to the insurance policies issued by the Defendants to their respective named-insured contractors and Pulte's additional insured status, as specified herein, the Defendants have a duty to indemnify Pulte for any liability Pulte incurs as a

result of the *Affeld* Claim for property damage that arises out of and/or that is caused in whole or in part by the Defendants' respective named insured contractors' work.

153.     The Defendants breached their duties by refusing to defend Pulte, or in the case of the *Affeld* Participating Insurers, failing to fully defend Pulte.  On information and belief, Defendants misrepresented policy provisions and/or material facts related to coverage, failed to make prompt payment of Pulte's demands for reimbursement of its defense costs, and/or otherwise failed to respond to Pulte's tender of its defense of the *Affeld* Claim.  As a result of Defendants' conduct, Pulte has been forced to expend significant resources defending itself against the *Affeld* Claim.  As of the date of the filing of this Complaint, Pulte has incurred more than $$237,370.03 in attorneys' fees and costs defending against the *Affeld* Claim, and will continue to incur significant expenses defending against the *Affeld* Claim, which is ongoing.  To date, Pulte has only been reimbursed for $187,550.54 of its incurred attorneys' fees and costs, leaving a balance to date of $49,819.49.

154.     Upon information and belief, the Defendants failed to investigate or timely respond to Pulte's tender of defense and indemnity, if they responded at all.

155.     Upon information and belief, the Defendants failed to consider the allegations in the pleadings, facts provided by Pulte, or facts easily discernable.

156.     Pleading further and in the alternative, in addition to these specific allegations based on insurance policy endorsements directly adding Pulte as an additional insured to each policy issued by the Defendants and listed herein, each policy listed herein above contained a provision or provisions the effect of which is to allow Pulte to stand in the shoes of the Defendants' named-insured contractors for purposes of coverage.

157.     The above is not an exclusive list of the Defendants' potential liability to Pulte as other theories of potential coverage and recovery may be apparent based on the specific policies and/or specific actions of each Defendant.

**The Albin Claim**

158.     On or about March 19, 2021, certain homeowners in Sierra Morado

development filed an arbitration demand entitled *Albin, et al. v. Pulte Home Corporation, et al.* (the "*Albin* Claim"), against Pulte alleging, among other things, that certain homes in Sierra Morado contained defective and negligent construction, that these defects caused damages that for which Pulte is liable.

159.    The *Albin* Claim sought damages from Pulte because of property damage arising out of the work of various contractors, including Cascade Electric, Cascade Windows, Chas Roberts, CSM, Haskins Electric, Johnson Manley, Metric, Paramount, Roadrunner, Southwest Concrete, Tucson Plumbing, Valley Wide, and XO Windows.

160.    The damages sought in the *Albin* Claim were the type of damages for which the contractors were contractually obligated  to provide additional insured coverage to Pulte.  Therefore, Pulte is entitled to coverage under one or more policies issued by Colorado Casualty, Companion, Endurance, FMIC, FSIC, Liberty Mutual, NGM, Peleus, Starr, and USIC.  Specifically, those alleged damages were damages because of property damage, the damages were caused by an occurrence (i.e., the contractors' negligent work), and the damages occurred during the policy periods.

161.    Pulte settled with the homeowners in the *Albin* Claim.  As a result of the claims alleged in the *Albin* Claim, Pulte incurred significant costs, including, but not limited to, forensic, investigative, and repair costs, attorneys' fees and other expenses.

162.    Pulte tendered its defense and indemnity of the *Albin* Claim to each of the Defendants under the insurance policies listed herein.

163.    Peleus agreed to participate in Pulte's defense under the policies it issued to Johnson Manley.  USIC agreed to participate in Pulte's defense under the policies it issued to Cascade Electric, Haskins Electric, Johnson Manley, Metric, Paramount, Roadrunner, Southwest Concrete, Tucson Plumbing, Valley Wide, and XO Windows.  USIC and Peleus are referred to herein as the "*Albin* Participating Insurers" as to Pulte's claims arising out of these policies only.

164.    Pursuant to the insurance policies issued by the Defendants to their respective named-insured contractors and Pulte's additional insured status, as specified

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

herein, the Defendants owe a duty to pay all of the defense fees and costs that Pulte incurred in defending against the *Albin* Claim.

165.    Pursuant to the insurance policies issued by the Defendants to their respective named-insured contractors and Pulte's additional insured status, as specified herein, the Defendants have a duty to indemnify Pulte for any liability Pulte has incurred as a result of the *Albin* Claim for property damage that arises out of and/or that is caused in whole or in part by the Defendants' respective named insured contractors' work.

166.    The Defendants breached their duties by refusing to defend Pulte, or in the case of the *Albin* Participating Insurers, failing to fully defend Pulte.  On information and belief, Defendants misrepresented policy provisions and/or material facts related to coverage, failed to make prompt payment of Pulte's demands for reimbursement of its defense costs, and/or otherwise failed to respond to Pulte's tender of its defense of the *Albin* Claim.  As a result of Defendants' conduct, Pulte has been forced to expend significant resources defending itself against the *Albin* Claim.  As of the date of the filing of this Complaint, Pulte has incurred more than $321,140.19 in attorneys' fees and costs defending against the *Albin* Claim.  To date, Pulte has only been reimbursed for $153,900.90 of its incurred attorney's fees and defense costs, leaving a balance of $244,933.69.

167.    Upon information and belief, the Defendants failed to investigate or timely respond to Pulte's tender of defense and indemnity, if they responded at all.

168.    Upon information and belief, the Defendants failed to consider the allegations in the pleadings, facts provided by Pulte, or facts easily discernable.

169.    Pleading further and in the alternative, in addition to these specific allegations based on insurance policy endorsements directly adding Pulte as an additional insured to each policy issued by the Defendants and listed herein, each policy listed herein above contained a provision or provisions the effect of which is to allow Pulte to stand in the shoes of the Defendants' named-insured contractors for purposes of coverage.

170.    The above is not an exclusive list of the Defendants' potential liability to

Pulte as other theories of potential coverage and recovery may be apparent based on the specific policies and/or specific actions of each Defendant.

**The Anderson Claim**

171.    On or about July 8, 2022, certain homeowners in Red Rock served a construction defect arbitration demand entitled *Abbott, et al. v. Pulte Home Corporation, et al.*, AAA Case No. 01-22-0002-9370 (the "*Anderson* Claim"), on Pulte alleging, among other things, that certain homes in Red Rock contained defective and negligent construction, that these defects caused damages for which Pulte is liable.

172.    The *Anderson* Claim seeks damages from Pulte because of property damage arising out of the work of various contractors, including Brewer, Cascade Windows, Chas Roberts, CSM, Davis Kitchens, DSI, Haskins Electric, Johnson Manley, Metric, Paramount, Roadrunner, Santa Rita, Southwest Concrete, Stockett, Timberlake, Tucson Plumbing, Valley Wide, and XO Windows.

173.    The damages sought in the *Anderson* Claim were the type of damages for which the contractors were contractually obligated to provide additional insured coverage to Pulte.  Therefore, Pulte is entitled to coverage under one or more policies issued by Allied, BITCO, Companion, Endurance, FMIC, FSIC, James River, Liberty Mutual, Midwest Family, NGM, Peleus, Pennsylvania, QBE, Safety National, Starr, Twin City, USIC, and Valley Forge.  Specifically, those alleged damages were damages because of property damage, the damages were caused by an occurrence (i.e., the contractors' negligent work), and the damages occurred during the policy periods.

174.    As a result of the *Anderson* Claim, Pulte has incurred and will continue to incur significant costs, including, but not limited to, forensic, investigative, and repair costs, attorneys' fees and other expenses.

175.    Pulte tendered its defense and indemnity of the *Anderson* Claim to each of the Defendants under the insurance policies listed herein.

176.    USIC agreed to participate in Pulte's defense under the policies it issued to Haskins Electric, Johnson Manley, Metric, Paramount, Roadrunner, Santa Rita, Southwest

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

Concrete, Valley Wide, and XO Windows.  USIC is referred to herein as the "*Anderson Participating Insurer*" as to Pulte's claims arising out of these policies only.

177.    Pursuant to the insurance policies issued by the Defendants to their respective named-insured contractors and Pulte's additional insured status, as specified herein, the Defendants owe a duty to pay all of the defense fees and costs that Pulte incurred and will continue to incur in defending against the *Anderson* Claim.

178.    Pursuant to the insurance policies issued by the Defendants to their respective named-insured contractors and Pulte's additional insured status, as specified herein, the Defendants have a duty to indemnify Pulte for any liability Pulte incurs as a result of the *Anderson* Claim for property damage that arises out of and/or that is caused in whole or in part by the Defendants' respective named insured contractors' work.

179.    The Defendants breached their duties by refusing to defend Pulte, or in the case of the *Anderson* Participating Insurer, failing to fully defend Pulte.  On information and belief, Defendants misrepresented policy provisions and/or material facts related to coverage, failed to make prompt payment of Pulte's demands for reimbursement of its defense costs, and/or otherwise failed to respond to Pulte's tender of its defense of the *Anderson* Claim.  As a result of Defendants' conduct, Pulte has been forced to expend significant resources defending itself against the *Anderson* Claim.  As of the date of the filing of this Complaint, Pulte has incurred more than $95,633.32 in attorneys' fees and costs defending against the *Anderson* Claim, and will continue to incur significant expenses defending against the *Anderson* Claim, which is ongoing.  To date, Pulte has only been reimbursed for $23,700 of its incurred attorney's fees and costs, leaving an outstanding balance to date of $71,933.32.

180.    Upon information and belief, the Defendants failed to investigate or timely respond to Pulte's tender of defense and indemnity, if they responded at all.

181.    Upon information and belief, the Defendants failed to consider the allegations in the pleadings, facts provided by Pulte, or facts easily discernable.

182.    Pleading further and in the alternative, in addition to these specific

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

allegations based on insurance policy endorsements directly adding Pulte as an additional insured to each policy issued by the Defendants and listed herein, each policy listed herein above contained a provision or provisions the effect of which is to allow Pulte to stand in the shoes of the Defendants' named-insured contractors for purposes of coverage.

183.    The above is not an exclusive list of the Defendants' potential liability to Pulte as other theories of potential coverage and recovery may be apparent based on the specific policies and/or specific actions of each Defendant.

**The Burton Claim**

184.    On or about July 22, 2022, certain homeowners in Sierra Morado served Pulte with an arbitration demand entitled *Burton, et al. v. Pulte Home Corporation, et al.*, AAA Case No. 01-22-0003-1623 (the "*Burton* Claim"), alleging, among other things, that certain homes in Sierra Morado contained defective and negligent construction, that these defects caused damages for which Pulte is liable.

185.    The *Burton* Claim sought damages from Pulte because of property damage arising out of the work of various contractors, including Cascade Electric, Cascade Windows, Chas Roberts, CSM, Davis Kitchens, DSI, Haskins Electric, Johnson Manley, Kaiser Garage, Metric, Paramount, Roadrunner, Santa Rita, Southwest Concrete, Stockett, Timberlake, Tucson Plumbing, Valley Wide, and XO Windows.

186.    The damages sought in the *Burton* Claim were the type of damages for which the contractors were contractually obligated to provide additional insured coverage to Pulte.  Therefore, Pulte is entitled to coverage under one or more policies issued by Allied, Amerisure, BITCO, Cincinnati, Companion, Endurance, FMIC, FSIC, James River, Liberty Mutual, NGM, Peleus, Pennsylvania, QBE, Safety National, Starr, Travelers, Twin City, USIC, Valley Forge, and Wesco.  Specifically, those alleged damages were damages because of property damage, the damages were caused by an occurrence (i.e., the contractors' negligent work), and the damages occurred during the policy periods.

187.    As a result of the *Burton* Claim, Pulte has incurred and will continue to incur significant costs, including, but not limited to, forensic, investigative, and repair costs,

attorneys' fees and other expenses.

188.    Pulte tendered its defense and indemnity of the *Burton* Claim to each of the Defendants under the insurance policies listed herein.

189.    Peleus agreed to participate in Pulte's defense under the policies it issued to Tucson Plumbing.  USIC agreed to participate in Pulte's defense under the policies it issued to Haskins Electric, Johnson Manley, Metric, Roadrunner, Santa Rita, and Southwest Concrete.  Peleus and USIC are referred to herein as the "*Burton* Participating Insurers" as to Pulte's claims arising out of these policies only.

190.    Pursuant to the insurance policies issued by the Defendants to their respective named-insured contractors and Pulte's additional insured status, as specified herein, the Defendants owe a duty to pay all of the defense fees and costs that Pulte incurred and will continue to incur in defending against the *Burton* Claim.

191.    Pursuant to the insurance policies issued by the Defendants to their respective named-insured contractors and Pulte's additional insured status, as specified herein, the Defendants have a duty to indemnify Pulte for any liability Pulte incurs as a result of the *Burton* Claim for property damage that arises out of and/or that is caused in whole or in part by the Defendants' respective named insured contractors' work.

192.    The Defendants breached their duties by refusing to defend Pulte, or in the case of the *Burton* Participating Insurers, failing to fully defend Pulte.  On information and belief, Defendants misrepresented policy provisions and/or material facts related to coverage, failed to make prompt payment of Pulte's demands for reimbursement of its defense costs, and/or otherwise failed to respond to Pulte's tender of its defense of the *Burton* Claim.  As a result of Defendants' conduct, Pulte has been forced to expend significant resources defending itself against the *Burton* Claim.  As of the date of the filing of this Complaint, Pulte has incurred more than $64,285.61 in attorneys' fees and costs defending against the *Burton* Claim, and will continue to incur significant expenses defending against the *Burton* Claim, which is ongoing.  To date, Pulte has not been reimbursed for any of its incurred attorneys' fees and costs.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

193.    Upon information and belief, the Defendants failed to investigate or timely respond to Pulte's tender of defense and indemnity, if they responded at all.

194.    Upon information and belief, the Defendants failed to consider the allegations in the pleadings, facts provided by Pulte, or facts easily discernable.

195.    Pleading further and in the alternative, in addition to these specific allegations based on insurance policy endorsements directly adding Pulte as an additional insured to each policy issued by the Defendants and listed herein, each policy listed herein above contained a provision or provisions the effect of which is to allow Pulte to stand in the shoes of the Defendants' named-insured contractors for purposes of coverage.

196.    The above is not an exclusive list of the Defendants' potential liability to Pulte as other theories of potential coverage and recovery may be apparent based on the specific policies and/or specific actions of each Defendant.

197.    The *Albin* Participating Insurers, *Abercrombie* Participating Insurers, *Affeld* Participating Insurers, *Anderson* Participating Insurer, and *Burton* Participating Insurers are collectively referred to as the "Participating Insurers."

**USIC's Delays In Defending Pulte**

198.    Pulte began tendering its defense of the first of the Underlying Claims to USIC on March 4, 2020.  With each tender, Pulte implored USIC to come to its aid by defending it against the construction defect claims—each of which alleges potential liability against Plaintiff arising out of the work of USIC's named insureds and thus trigger USIC's duty to defend Pulte.

199.    USIC did not come to Pulte's aid.  Instead, USIC delayed, from ninety (90) days to up to five-hundred eighty-three (583) days from the time Pulte tendered its defense of the Underlying Claims until the time that USIC finally agreed to defend Pulte.  In fact, USIC did not acknowledge a duty to defend any of the Underlying Claims until February 12, 2021, nearly seven months after Pulte began tendering the Underlying Claims to USIC.

200.    In many instances, USIC denied Pulte's tenders and only begrudgingly agreed to defend after Pulte reasserted its tender and pointed out the errors in USIC's

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

coverage positions. Even after agreeing to participate in Pulte's defense, USIC refused to provide Pulte with a complete defense for covered and non-covered claims, as is required under Arizona law and under the USIC Policies.

201. USIC's belated agreement to defend was just the beginning of the tactics USIC employed in order to attempt to avoid paying Pulte's defense costs in the Underlying Claims. Despite agreeing to defend Pulte, USIC refuses to pay its share of Pulte's defense costs.

202. Furthermore, despite USIC's delays in acknowledging its duty to defend Pulte in the Underlying Claims, USIC refuses to agree to defend Pulte through Pulte's established counsel in the Underlying Claims. Instead, USIC insists on attempting to force Pulte to change counsel well into its defense of the Underlying Claims and has attempted to appoint new counsel that (1) has conflicts of interest with Pulte, (2) has represented Pulte's contractors in actions by Pulte against those contractors in the past, (3) has no institutional knowledge about Pulte, and (4) has no understanding of the Underlying Claims, some of which have been pending for years. In fact, USIC insists on appointing different law firms to represent Pulte in actions that arise out of work performed at the same Developments. In short, USIC delayed in acknowledging its duty to defend Pulte in the Underlying Claims, refuses to fully reimburse Pulte for its defense costs, and insists on forcing Pulte to change counsel even though its defense in the Underlying Claims is well underway.

203. For example, On February 1, 2023, USIC insisted that Pulte accept new defense counsel of USIC's choosing in the *Albin* Claim. USIC insisted that Pulte accept new defense counsel more than 900 days after Pulte tendered its defense in the *Albin* Claim, and more than 700 days after USIC acknowledged its duty to defend Pulte in the *Albin* Claim.

/ / /

/ / /

/ / /

# FIRST CAUSE OF ACTION
### (Declaratory Relief)
(Against All Defendants)

204.    Pulte realleges the allegations contained in paragraphs 1 through 203, inclusive, and incorporate them by reference as though fully set forth herein.

205.    Pulte is named as an additional insured or is a known third-party beneficiary of each of the insurance policies issued by the Defendants listed herein.

206.    An actual controversy has arisen and now exists between Pulte, on the one hand, and Defendants, on the other hand, in that Pulte contends that it is an additional insured under the policies listed herein, that Defendants owe a separate and independent duty to promptly provide Pulte with a full and conflict-free defense of the Underlying Claims, and that Defendants owe a duty to indemnify Pulte for damages arising out of the work or operations of Defendants' named-insured contractors.

207.    Pulte is informed and believes that Defendants contend otherwise.

208.    Pulte desires a judicial determination as follows:

a.    that Pulte is an additional insured under the Defendants' policies issued herein;

b.    that Defendants each owe a separate and independent duty to defend Pulte in each of the Underlying Claims described herein;

c.    that the scope of this duty is to provide Pulte with an immediate, conflict-free and full defense;

d.    that the obligations of Defendants to provide Pulte with an immediate, conflict-free, and full defense is not diminished or reduced when other insurers owe Pulte this same duty;

e.    that USIC lost, forfeited, and waived whatever right to control Pulte's defense, including appointing counsel of USIC's choice, it may have had by breaching its duty to defend Pulte and because of conflicts of interest between USIC and Pulte and conflicts of interest between Pulte and USIC's chosen counsel.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

209.    A declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations of Pulte and Defendants may be determined.

## SECOND CAUSE OF ACTION
### Breach of Contract
(Against All Defendants)

210.    Pulte realleges the allegations contained in paragraphs 1 through 209, inclusive, and incorporates them by reference as though fully set forth herein.

211.    Pulte requested that Defendants defend Pulte against the Underlying Claims under the insurance policies each of the Defendants issued to their respective named-insured contractors, as described more fully above.  Pulte has performed all obligations owing under each of the policies in connection with its tender of defense, and Pulte has satisfied all relevant conditions precedent.

212.    Defendants have failed to discharge their contractual duties to defend Pulte against the Underlying Claims.  More particularly, Defendants, with the exception of the Participating Insurers: (1) breached their contracts by failing to promptly respond to Pulte's tenders, if they responded at all; (2) breached their contracts by refusing to provide Pulte with a defense; and (3) breached their contracts by refusing to fully investigate Pulte's tender.

213.    The Participating Insurers have failed to discharge their contractual duties to defend Pulte against the Underlying Claims by failing to provide Pulte with a full and complete defense.

214.    In addition to the foregoing, USIC refuses to acknowledge its duty to provide Plaintiffs with a full and conflict-free defense.

215.    Defendant USIC has further breached its insurance contracts by failing to at least reimburse Pulte for the defense fees and costs that Pulte incurred from the date on which each of the Underlying Claims was tendered to USIC to the date on which USIC attempted to assign counsel to defend Pulte.

216.    As a direct and proximate result of Defendants' conduct as alleged in this

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

Complaint, Pulte has been damaged and will continue to be damaged in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
**Breach of the Duty of Good Faith and Fair Dealing**
(Against Defendant USIC)

217.    Pulte realleges the allegations contained in paragraphs 1 through 216, inclusive, and incorporate them by reference as though fully set forth herein.

218.    USIC owes Pulte a duty of good faith and fair dealing, obligating USIC to put Pulte's interests equal with or ahead of their own interests and to do nothing to deprive Pulte of policy benefits.

219.    Rather than honor its obligations, USIC has instead sought to protect its own interests and has subordinated Pulte's interests by refusing to discharge contractual duties without reasonable grounds or good cause.

220.    In addition, USIC has acted with knowledge or reckless disregard of the lack of a reasonable grounds or good cause.

221.    Accordingly, USIC has deprived Pulte of its rights and benefits under their policies.  For example:

a.    Pursuant to clearly applicable law, USIC has a duty to promptly investigate and respond to Pulte's tenders and indicate whether it would defend Pulte against the claims involving the Developments.  USIC understands and is fully aware of this duty.  Despite its knowledge of this obligation, USIC has failed to respond to Pulte's tenders in a timely fashion.  On information and belief, these delays violate USIC's own internal policies.  To further delay making coverage decisions and avoid assuming the financial burden of defending Pulte, on some occasions USIC requested documents that Pulte had already supplied to USIC so as to force Pulte to continue defending itself and incurring costs without USIC's support.  USIC delayed rendering coverage decisions in conscious disregard of the risk that these delays would jeopardize Pulte's ability to adequately defend itself against the claims involving the Developments, and would

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

jeopardize Pulte's ability to settle those matters.  USIC's decisions to delay responding to Pulte's tenders were motivated by a desire to unfairly enhance its own profits by avoiding contractual obligations and ignoring the contractual rights and economic interests of Pulte. USIC acted in a deliberate and concerted fashion to achieve this self-serving economic objective.  USIC's conduct in this regard tortiously breaches the duty of good faith and fair dealing owed to Pulte, and recklessly disregards Pulte's economic and property rights.

b.      Pursuant to clearly applicable law, USIC has a duty to fully defend Pulte, as opposed to only providing an equitable or partial defense based on the liability of its named insureds.  USIC is fully aware of this duty.  Despite USIC's knowledge that it has a duty to defend the entirety of the claims related to the Developments pursuant to clearly applicable law, it unreasonably refused to do so.  For example, USIC agreed to defend Pulte for all of the claims, but asserted that it has no obligation to participate in the defense of Pulte for claims or damages which are not covered under the policy(s) and that USIC will only participate in the defense of Pulte for its equitable share of the reasonable and necessary amounts incurred in defending Pulte.  USIC's conduct in this regard is unreasonable and tortiously breaches its duty of good faith and fair dealing owed to Pulte.

c.      USIC has a duty to supply Pulte independent counsel because it cannot provide a conflict free defense.  USIC is fully aware of this duty.  Despite USIC's knowledge of its duty to supply Pulte independent counsel because of its reservations of rights and the resulting conflicts of interest, USIC has tried to force Pulte to accept new, conflicted defense counsel.  USIC's attempts to force Pulte to accept new, conflicted defense counsel are motivated by a desire to enhance unfairly its own profits by avoiding its contractual obligations and ignoring the contractual rights and economic interests of Pulte.  USIC acted in a deliberate fashion to achieve this self-serving economic objective. USIC's conduct in this regard tortiously breaches the duty of good faith and faith dealing owed to Pulte and recklessly disregards Pulte's economic and property rights.

d.      USIC has a duty to provide Pulte, as an additional insured under the USIC policies, with an immediate defense.  USIC delayed in acknowledging its obligation

to defend Pulte, and then attempted to force Pulte to switch defense counsel. USIC refused and continues to refuse to at least reimburse Pulte for the defense costs that were incurred from the date on which Pulte tendered the Underlying Claims to USIC to the date on which USIC attempts to assign new counsel to defend Pulte. It is undisputed that these defense costs are owed by USIC, regardless of whether the defense counsel USIC attempts to assign to defend Pulte has conflicts with Pulte. USIC has refused to pay these amounts which are due and owing to Pulte.

222.    USIC's conduct as alleged in this Complaint is part of a pattern of unfair claims practices intentionally engaged in by USIC to enhance unfairly its own profits by avoiding contractual obligations and ignoring the contractual rights and economic interests of Pulte and other additional insureds. These systematic practices include: (1) failing to respond promptly to tenders from additional insureds; (2) wrongfully denying additional insureds coverage owed under policies; and (3) refusing to supply a full and conflict-free defense to additional insureds as required by law and instead trying to limit coverage obligations to funding only a small fraction of the additional insured's defense.

223.    As a direct and proximate result of USIC's tortious breach of the duty of good faith and fair dealing, Pulte has suffered damages, in excess of $75,000, including without limitation, general and specific damages, legal costs incurred to obtain the benefits of the respective policies and pre-judgment and post-judgment interest.

224.    In addition, USIC's conduct as alleged in this Complaint is despicable and has been carried out in willful and conscious disregard of Pulte's rights and economic interests, and is malicious, fraudulent and oppressive. Accordingly, USIC's conduct entitles Pulte to punitive damages.

225.    USIC's malicious, fraudulent, and oppressive conduct includes, for example:

a.    As described above, USIC was fully aware of its duty to promptly investigate and respond to Pulte's tenders and indicate whether it would defend and indemnify Pulte, but instead delayed responding to Pulte's tenders. USIC knows that failing to promptly respond to Pulte's tenders and to immediately defend it violates Pulte's

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

contractual rights, but USIC does so anyway in willful and conscious disregard of Pulte's rights.

b.    As described above, USIC is fully aware of its duty to defend additional insureds, like Pulte, and to indemnify them for liability arising out of the work of USIC's named insured, but routinely attempts to skirt these obligations by treating additional insureds differently from its named insureds.  USIC knows that this behavior violates the rights of additional insureds, like Pulte, but intentionally tries to deprive additional insureds, like Pulte, of their policy benefits in willful and conscious disregard of their rights.

c.    As described above, USIC was and is fully aware of its duty to supply Pulte a full defense as opposed to only providing an equitable or partial defense based on the liability of its named insured.  USIC knows that failing to provide Pulte a full defense violates their contractual rights, but USIC intentionally fails to provide a complete defense, in willful and conscious disregard of Pulte's rights.

d.    As described above, USIC was and is fully aware of its duty to supply Pulte independent counsel because it cannot provide a conflict-free defense and because it breached its insurance contract by failing to immediately defend Pulte.  USIC knows that failing to provide Pulte with independent counsel violates its rights, but intentionally tries to deprive Pulte of independent counsel in willful and conscious disregard of Pulte's rights.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    **FIRST CAUSE OF ACTION**:

a.    For declaratory relief as described above;

b.    For all costs and expenses at the full extent permitted by law;

c.    For pre-judgment interest and post-judgment interest at the full extent permitted by law;

d.    For attorneys' fees to the extent recoverable by applicable law; and

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

e.    For such other and further relief as the Court deems fair and proper.

2.    **<u>SECOND CAUSE OF ACTION:</u>**

a.    For general and specific damages in an amount to be proven at trial;

b.    For all costs and expenses at the full extent permitted by law;

c.    For pre-judgment interest and post-judgment interest at the full extent permitted by law;

d.    For attorneys' fees to the extent recoverable by applicable law; and

e.    For such other and further relief as the Court deems fair and proper.

3.    **<u>THIRD CAUSE OF ACTION</u>**:

a.    For general and specific damages in an amount to be proven at trial;

b.    For punitive damages at the full extent permitted by law;

c.    For all costs and expenses at the full extent permitted by law;

d.    For pre-judgment interest and post-judgment interest at the full extent permitted by law;

e.    For attorneys' fees to the extent recoverable by applicable law; and

/ / /

/ / /

/ / /

/ / /

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

1          f.     For such other and further relief as the Court deems fair and

2    proper.

3    DATED: April 4, 2023            PAYNE & FEARS  LLP

4

5                 By   */s/ Scott S. Thomas*

6                     Scott S. Thomas, Bar No. 031418
                 sst@paynefears.com

7                     PAYNE & FEARS LLP
                 2375 East Camelback Road, 6th Floor

8                     Phoenix, Arizona 85016
                 Telephone:  602-344-9549

9                     Facsimile:  602-344-9653

10                     Attorneys for Plaintiff Pulte Home Company,
                 LLC

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

1

## JURY DEMAND

2      Plaintiff hereby demands a trial by jury.

3  DATED: April 4, 2023                    PAYNE & FEARS  LLP

4

5                                   By   */s/ Scott S. Thomas*
                                         Scott S. Thomas, Bar No. 031418
6                                        sst@paynefears.com
                                         PAYNE & FEARS LLP
7                                        2375 East Camelback Road, 6th Floor
                                         Phoenix, Arizona 85016
8                                        Telephone:  602-344-9549
                                         Facsimile:  602-344-9653
9
                                         Attorneys for Plaintiff Pulte Home Company,
10                                       LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549